# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CIAN IP LLC, § <br> § <br> Plaintiff, § <br> § Civil Action No. 1:12-CV-365-M <br> v. § <br> § JURY TRIAL DEMANDED <br> NATIONAL INSTRUMENTS § <br> CORPORATION § <br> § <br> Defendant. § | |

## DEFENDANT NATIONAL INSTRUMENTS CORPORATION'S ANSWERS TO PLAINTIFF CIAN IP LLC'S FIRST SET OF COMMON INTERROGATORIES

Defendant National Instruments Corporation, ("NI") serves the following answers (the "Answers") to plaintiff Cian IP LLC's first set of common interrogatories (the "Interrogatories"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 33. NI reserves the right to supplement these Answers.

### OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. NI objects to each and every Interrogatory to the extent it exceeds the scope of or otherwise seeks to impose obligations beyond those required by Federal Rules of Civil Procedure 26 and 33.

2. NI objects to each and every Interrogatory to the extent it calls for information protected by the attorney-client privilege, the work-product doctrine, and/or other statutory or common law privileges. NI does not intend to, and does not, waive its attorney-client privilege or application of the work-product doctrine in responding to these Interrogatories. Inadvertent disclosure of any information that is privileged, which constitutes attorney work product, or which is otherwise exempt from discovery, shall not constitute a waiver of any privilege or other

DEFENDANT NATIONAL INSTRUMENTS CORPORATION'S ANSWERS TO
PLAINTIFF CIAN IP LLC'S FIRST SET OF COMMON INTERROGATORIES                                        Page 1

App. 005

applicable objection to the disclosure of such information or the subject matter thereof, or the information contained herein, or the right of NI to object to the use of any such information during subsequent proceedings herein.

3. NI objects to each and every Interrogatory as premature as NI and plaintiff had not conducted an initial scheduling conference prior to plaintiff's service of these Interrogatories. NI further objects to each and every Interrogatory as premature to the extent it seeks information in advance of the deadlines provided by the Federal Rules of Civil Procedure, this Court's local rules, and/or this Court's scheduling order

4. NI objects to plaintiff's definition of "NI" as vague, ambiguous, overly broad, unduly burdensome, and calling for information not reasonably calculated to lead to the discovery of admissible information. The definition, for example, calls for any and all of NI's representatives, agents, insurers, attorneys, affiliates, and all others whom NI has control, and such terms and categories are undefined, lack specificity, and exceed the scope of relevant discovery. NI further objects to the extent that plaintiff's definition of "NI," which includes "attorneys" seeks to discover information protected the attorney-client privilege or work-product doctrine.

5. NI objects to plaintiff's definition of "Accused Instrumentalities" as vague, ambiguous, overly broad, and unduly burdensome as causing plaintiff's interrogatories to request information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and therefore beyond the permissible scope of discovery. For example, the definition lacks specificity in its reference to various product families, which include products not specifically accused of infringement, and thus, NI is unable to determine which products are

DEFENDANT NATIONAL INSTRUMENTS CORPORATION'S ANSWERS TO
PLAINTIFF CIAN IP LLC'S FIRST SET OF COMMON INTERROGATORIES                                                   Page 2

App. 006

at issue. Further, the products referenced by plaintiff are chassis products that do not include the additional elements necessary for infringement of U.S. Patent No. 5,659,680.

6.     NI objects to plaintiff's definition of "PXI Specifications" as vague, ambiguous, overly broad, unduly burdensome, and calling for information not reasonably calculated to lead to the discovery of admissible information. For example, plaintiff's definition calls for knowledge, opinions, and understandings of third parties not within the control of NI.

7.     NI objects to the definition of "relate to," "related to," and "relating to" as vague, ambiguous, overly broad, and as causing Interrogatories containing any such term to be unduly burdensome.

8.     These Answers are made without waiver of any objections NI may have with respect to any subsequent attempted use of these Answers and NI specifically reserves all questions as to the competency, privilege, relevance, materiality, and admissibility of its Answers to these Interrogatories, including without limitation, the right to object to the use of these Answers in any subsequent proceedings in this lawsuit or any other lawsuit, and the right to object on any and all privileged grounds, at any time, to other discovery procedures relating to the Answers referenced herein. NI also reserves the right, at any time, upon proper showing, to revise, correct, clarify, or supplement these Answers.

**DEFENDANT NATIONAL INSTRUMENTS CORPORATION'S ANSWERS TO**
**PLAINTIFF CIAN IP LLC'S FIRST SET OF COMMON INTERROGATORIES**                                   Page 3

App. 007

## ANSWERS TO FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

For each ACCUSED INSTRUMENTALITY, IDENTIFY any and all ways relevant to this LAWSUIT in which said ACCUSED INSTRUMENTALITY deviates from the PXI SPECIFICATIONS.

### ANSWER:

NI incorporates its general objections. NI further objects to this Interrogatory as the terms "all the ways," "Accused Instrumentality," and "PXI Specifications" are overbroad, unduly burdensome, and ambiguous. NI further objects to this Interrogatory to the extent it seeks to discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NI further objects to this Interrogatory to the extent it requires NI to marshal evidence in advance of trial. NI further objects to this Interrogatory to the extent it seeks discovery of information in advance of the deadline provided by the Federal Rules of Civil Procedure, this Court's local rules, and/or this Court's scheduling order. Subject to and without waiving the foregoing objections, NI responds as follows:

NI is investigating this matter and will supplement its response to this Interrogatory, if and as appropriate, upon suitable clarification and correction of the deficiencies of the Interrogatory by plaintiff.

### INTERROGATORY NO. 2:

Separately for each ACCUSED INSTRUMENTALITY, IDENTIFY all PERSONS or ENTITIES to whom YOU have sold said ACCUSED INSTRUMENTALITY.

### ANSWER:

NI incorporates its general objections. NI further objects to this Interrogatory as the term "Accused Instrumentality" is overbroad, unduly burdensome, and ambiguous. NI further objects to this Interrogatory to the extent it seeks to discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NI further objects to this Interrogatory to the extent it seeks discovery of information in advance of the deadline provided by the Federal Rules of Civil Procedure, this Court's local rules, and/or this Court's scheduling order. Subject to and without waiving the foregoing objections, NI responds as follows:

NI is investigating this matter and will supplement its response to this Interrogatory, if and as appropriate, upon suitable clarification and correction of the deficiencies of the Interrogatory by plaintiff.

**DEFENDANT NATIONAL INSTRUMENTS CORPORATION'S ANSWERS TO
PLAINTIFF CIAN IP LLC'S FIRST SET OF COMMON INTERROGATORIES**　　　　　Page 4

App. 008

## INTERROGATORY NO. 3:

For each year from 2005 to the present, and separately for each ACCUSED INSTRUMENTALITY, provide the number of unit volumes YOU have made, used, sold, offered for sale, or imported in or into the United States and YOUR gross revenues attributable to same.

## ANSWER:

NI incorporates its general objections. NI further objects to this Interrogatory as the term "Accused Instrumentality" is overbroad, unduly burdensome, and ambiguous. NI further objects to this Interrogatory to the extent it seeks to discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NI further objects to this Interrogatory to the extent it seeks discovery of information in advance of the deadline provided by the Federal Rules of Civil Procedure, this Court's local rules, and/or this Court's scheduling order. Subject to and without waiving the foregoing objections, NI responds as follows:

NI is investigating this matter and will supplement its response to this Interrogatory, if and as appropriate, upon suitable clarification and correction of the deficiencies of the Interrogatory by plaintiff.

## INTERROGATORY NO. 4:

DESCRIBE IN DETAIL and quantify YOUR sale of any ancillary or convoyed products and/or services relating to each ACCUSED INSTRUMENTALITY (such as, by way of example only, sale of replacement parts or repair services).

## ANSWER:

NI incorporates its general objections. NI further objects to this Interrogatory as the terms "Accused Instrumentality" and "ancillary or convoyed" are overbroad, unduly burdensome, and ambiguous. NI further objects to this Interrogatory to the extent it seeks to discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NI further objects to this Interrogatory to the extent it seeks discovery of information in advance of the deadline provided by the Federal Rules of Civil Procedure, this Court's local rules, and/or this Court's scheduling order. Subject to and without waiving the foregoing objections, NI responds as follows:

NI is investigating this matter and will supplement its response to this Interrogatory, if and as appropriate, upon suitable clarification and correction of the deficiencies of the Interrogatory by plaintiff.

## INTERROGATORY NO. 5:

DESCRIBE IN DETAIL the FACTS and circumstances surrounding the manner in which YOU first became aware of the PATENT-IN-SUIT.

**ANSWER:**

NI incorporates its general objections. NI further objects to this Interrogatory to the extent it seeks discovery of information in advance of the deadline provided by the Federal Rules of Civil Procedure, this Court's local rules, and/or this Court's scheduling order. Subject to and without waiving the foregoing objections, NI responds as follows:

NI first became aware of the Patent-In-Suit in connection with its receipt of plaintiff's complaint in this lawsuit.

**INTERROGATORY NO. 6:**

DESCRIBE IN DETAIL and IDENTIFY each element of each asserted claim that YOU claim is not present in the ACCUSED INSTRUMENTALITIES as set forth in Plaintiffs' May 8, 2012 Infringement Contentions. A complete answer to this interrogatory shall include the factual bases for each such contention, including, but not limited to, YOUR Rule 11 bases for requesting a declaratory judgment of non-infringement.

**ANSWER:**

NI incorporates its general objections. NI further objects to this Interrogatory as the term "Accused Instrumentalities" is overbroad, unduly burdensome, and ambiguous. NI further objects to this Interrogatory to the extent it seeks to discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. NI further objects to this Interrogatory as non-sensical as NI has not plead a declaratory judgment for non-infringement. NI further objects to this Interrogatory to the extent it seeks discovery of information in advance of the deadline provided by the Federal Rules of Civil Procedure, this Court's local rules, and/or this Court's scheduling order. Subject to and without waiving the foregoing objections, NI responds as follows:

NI is investigating this matter and will supplement its response to this Interrogatory, if and as appropriate, upon suitable clarification and correction of the deficiencies of the Interrogatory by plaintiff.

**INTERROGATORY NO. 7:**

DESCRIBE IN DETAIL all theories, facts, circumstances, and Rule 11 bases supporting YOUR contention that the PATENT-IN-SUIT is invalid and/or unenforceable and your request for a declaratory judgment of same.

**ANSWER:**

NI incorporates its general objections. NI further objects to this Interrogatory as non-sensical as NI has not plead a declaratory judgment for non-infringement. NI further objects to this Interrogatory to the extent it seeks discovery of information in advance of the deadline provided by the Federal Rules of Civil Procedure, this Court's local rules, and/or this Court's scheduling order. Subject to and without waiving the foregoing objections, NI responds as follows:

DEFENDANT NATIONAL INSTRUMENTS CORPORATION'S ANSWERS TO
PLAINTIFF CIAN IP LLC'S FIRST SET OF COMMON INTERROGATORIES                Page 6

App. 010

NI is investigating this matter and will supplement its response to this Interrogatory, if and as appropriate, upon suitable clarification and correction of the deficiencies of the Interrogatory by plaintiff.

Dated: June 7, 2012.                                   GARDERE WYNNE SEWELL LLP

/s/ Chris P. Perque
**Chris P. Perque**
Attorney-in-charge
Texas Bar No. 24005828
cperque@gardere.com
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
Tel:    713-276-5020
Fax:    713-276-6020

AND

**Terrell R. Miller**
Texas Bar No. 24046446
tmiller@gardere.com
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201
Tel:    214-999-4106
Fax:    214-999-3106

**ATTORNEYS FOR DEFENDANT NATIONAL INSTRUMENTS CORPORATION**

DEFENDANT NATIONAL INSTRUMENTS CORPORATION'S ANSWERS TO
PLAINTIFF CIAN IP LLC'S FIRST SET OF COMMON INTERROGATORIES                                   Page 7

App. 011

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing *Answers to Plaintiff Cian IP LLC's First Set of Interrogatories to Defendant National Instruments Corporation* was served upon counsel for Plaintiff on June 7, 2012:

Donald Puckett [*Via Email and U.S. Mail*]
Texas Bar No. 24013358
**SKIERMONT PUCKETT LLP**
2200 Ross Avenue, Suite 4301 W
Dallas, Texas 75201
Telephone: 214-978-6600
donald.puckett@skiermontpuckett.com

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF CIAN IP LLC**

Andrew W. Spangler [*Via Email and U.S. Mail*]
Texas Bar No. 24041960
**SPANGLER & FUSSELL P.C.**
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300 (telephone)
(903) 553-0403 (facsimile)
spangler@sfipfirm.com

**ATTORNEY FOR
PLAINTIFF CIAN IP LLC**

_____
Terrell R. Miller

## VERIFICATION

The undersigned declares that he is authorized by National Instruments Corporation to sign the foregoing responses to Cian IP, LLC's first set of interrogatories; that he has personal knowledge of the facts recited therein or obtained the information from documents or someone with personal knowledge; and that the facts stated therein are true and correct to the best of his knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of June, 2012.

Printed Name: Pate Smits

Title: Senior IP Counsel